UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAUSTRAUB, | No. 2:13-cv-1036 JAM GGH |
| Petitioner, | |
| v. | ORDER |
| SCOTT FRAUENHEIM, | |
| Respondent.[1] | |

*Introduction and Summary*

As set forth by the Court of Appeal:

> [Petitioner] was charged with second degree murder, two counts of driving under the influence causing injury, unlawful possession of methamphetamine, unlawful possession of clonazepam, being under the influence of methamphetamine, possession of clonazepam pills without a prescription, possession of drug paraphernalia, driving without a valid license, driving without insurance, and leaving the scene of an accident. It was further alleged that, with respect to the murder and driving under the influence, defendant personally inflicted great bodily injury, and had a prior serious felony conviction, a strike.
>
> A jury found defendant guilty of all charges and found the special allegations true with the exception of two of the personal infliction of great bodily injury allegations. The trial court found the prior strike allegation true.

---

[1] It appears that petitioner has transferred prisons, and that the above named person is the warden of the prison at which plaintiff currently resides.

1

> The trial court sentenced defendant to state prison for an indeterminate term of 30 years to life, plus a consecutive determinate term of 11 years and 4 months, imposed specified fees and fines….

People v. Jaustrab, 2012 WL 1353554 *2 (Cal. App. 2012).

*Issues*

Petitioner filed a federal petition listing numerous claims; however, the rendition of the issues in the petition is unnecessarily confusing. The federal petition lists as issues:

1. Federal Constitutional error, Prejudicial Error, and under supporting facts "Following in it's entirety. Table of Contents (A) A1-A23."

2. Petitione[r] is innocent of the crimes against him, and under supporting facts: "Followin table of contents A, will be table of contents B following the federal Constitutional error A-A23."

3. I.A.C. attorney refused to recall Destiny Estrada in my defence (sic) (supporting fact given)

4. Trial court denied Marsden motion, and in supporting facts: "outlined in table of contents B as ground 8. All grounds 1-8 in Table of Contents B."

Respondent interpreted these vague statements as incorporating the eight issues raised in each state habeas motion—Superior Court, Court of Appeal, and Supreme Court. The traverse, evidently written by a person other than petitioner, adopted this delineation of issues. This had the effect, however, of abandoning the admission of prejudicial evidence issue raised on direct appeal and on petition for review before the California Supreme Court.

However, in the traverse, petitioner conceded that all but two of the eight issues should be dismissed because of procedural default. See Traverse at 1-2, para 8 withdrawing claims.[2] Thus, only two claims were discussed on the merits.

After the traverse was filed, the Ninth Circuit eviscerated the basis of the procedural

---

[2] Petitioner concluded that the claims should be dismissed without prejudice. However, because a successive petition would almost always be barred, the effective result is that the claims are dismissed—period—whether with or without prejudice.

2

default, the Dixon bar, i.e., one cannot raise in state habeas corpus issues which should have been raised on direct review.  Lee v. Jacquez, 788 F.3d 1124 (9th Cir. 2015).  Although not banning the use of this procedural default *per se*, the opinion leaves little doubt that the Dixon procedural default is completely ineffectual in federal habeas-- absent a statistical analysis of enormous time and expense (a case-by-case analysis for a set of thousands of state habeas cases when the bar should have been utilized by the state courts, but was not, and then compared to cases in which the bar was utilized), or some other undefined, non-statistical analysis or event which the undersigned cannot conceive of at the present time.

If the undersigned allowed petitioner's concession in the traverse to stand, it is predictable that the case would be inevitably returned for review on the merits of the claims abandoned by the traverse's ill advised concession.  Rather than waste that time, the undersigned will order that petitioner be given an opportunity to respond on the merits in a supplemental traverse.

Accordingly, IT IS HEREBY ORDERED:

1. If Petitioner desires to file a supplemental traverse, such shall be filed within thirty days;
2. The supplemental traverse shall include a discussion of *every* claim on the merits which petitioner desires to have reviewed on the merits; each claim shall be singularly listed in a heading along with a following discussion of that issue;
3. Petitioner *shall not incorporate by reference* any discussion in any previous document concerning any issue; that is, the traverse shall be inclusive in itself of a discussion of all claims;
4. After receipt of the traverse, the court will determine whether, in fairness, respondent need make any further elaboration of his discussion of the issues on the merits; respondent may advise the court of any desire for further response within 10 days after the traverse is filed.

Dated:  October 20, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:Justraub

3