UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JASTRAUB, | No.  2:13-cv-1036 JAM GGH |
| Petitioner, | |
| v. | SUPPLEMENTAL FINDINGS AND RECOMMENDATRIONS |
| SCOTT FRAUENHEIM, | |
| Respondent. | |

On March 1, 2016, the undersigned issued an order and findings and recommendations which denied petitioner's request for evidentiary hearing, and recommended that the petition be denied on the merits.  The recommendations were based on a merits review of three claims remaining (Claims II, IV and VI) after petitioner determined to formally abandon Claims I, III, V, VII, VIII, and IX.  (ECF No. 38 at 4.)  On May 31, 2016, the Supreme Court issued a decision which affects this court's previous analysis in declining to find procedural default as raised by respondent.  Johnson v. Lee, ___ S.Ct. ___, 2016 WL 3041051 (May 31, 2016), *rev'g* Lee v. Jacquez, 788 F.3d 1124 (9th Cir. 2015).  Therefore, the findings and recommendations previously filed will be supplemented as stated herein.[1]

---

[1] The March 1, 2016 findings and recommendations, with respect to the merits analysis, are in no way modified by these supplemental findings.

1

Days ago, the Supreme Court in <u>Johnson v. Lee</u> summarily reversed the Ninth Circuit's holding in <u>Lee v. Jacquez</u> that the <u>Dixon</u> bar (claims that could have been raised on direct review may not be brought in habeas proceedings) was inadequate to bar federal habeas review. <u>Lee v. Jacquez</u> was a case on which the undersigned was bound to rely in the initial findings and recommendations. As a result of the Supreme Court's recent pronouncement, the undersigned now addresses the procedural bar originally raised by respondent.

The portion of the previous findings and recommendations setting forth the procedural default issue is repeated here for convenience:

> [I]n the traverse, petitioner conceded that all but two of the eight issues should be dismissed because of procedural default. <u>See</u> Traverse at 1-2, para 8 withdrawing claims.[2]  Thus, only two claims were discussed on the merits.
>
> After the traverse was filed, the Ninth Circuit eviscerated the basis of the procedural default, the <u>Dixon</u> bar, i.e., one cannot raise in state habeas corpus issues which should have been raised on direct review. <u>Lee v. Jacquez</u>, 788 F.3d 1124 (9th Cir 2015). Although not banning the use of this procedural default *per se*, the opinion leaves little doubt that the <u>Dixon</u> procedural default is completely ineffectual in federal habeas-- absent a statistical analysis of enormous time and expense (a case-by-case analysis for a set of thousands of state habeas cases when the bar should have been utilized by the state courts, but was not, and then compared to cases in which the bar was utilized), or some other undefined, non-statistical analysis or event which the undersigned cannot conceive of at the present time.
>
> If the undersigned allowed petitioner's concession in the traverse to stand, it was predictable that the case would be inevitably returned for review on the merits of the claims abandoned by the traverse's ill advised concession. Rather than waste that time, the undersigned ordered that petitioner be given an opportunity to respond on the merits in a supplemental traverse.

(ECF No. 38 at 3.) As a result, petitioner was directed to file a supplemental traverse which set forth all claims in that document. Petitioner did file a traverse, raising three claims and all three claims were addressed and denied on the merits.

On May 31, 2016, the Supreme Court specifically considered the Ninth Circuit's holding

---

[2] Petitioner concluded that the claims should be dismissed without prejudice. However, because a successive petition would almost always be barred, the effective result is that the claims are dismissed—period—whether with or without prejudice.

in Lee, 788 F.3d 1124, that the Dixon procedural default was inadequate, and determined that the Ninth Circuit had "profoundly misapprehend[ed] what makes a state procedural bar 'adequate.'" Johnson v. Lee, ___ S.Ct. ___, 2016 WL 3041051, at *2. Instead, the Supreme Court relied on the fact that "California's procedural bar is longstanding, oft-cited, and shared by habeas courts across the Nation…." Id. at *1. The Supreme Court reassessed California's Dixon bar, finding it to be firmly established and regularly followed, and that it was not unique but rather a general rule followed by federal and state habeas courts across the country. Id. at *2.

Therefore, based on the Supreme Court's reversal of Lee v. Jacquez, respondent's claim of procedural default in regard to Ground Two, destruction of exculpatory evidence, having been reassessed, is determined to be well-founded.³ The superior court found this claim to be barred on collateral review under In re Dixon, (1953) 41 Cal.2d 756, 759, because it could have been raised on direct appeal but was not. (ECF No. 1 at 9.) Although the state court of appeals and supreme court denied the petition without comment, (id. at 7, 8), we can look through these decisions to the last reasoned decision, that of the superior court. According to Cannedy v. Adams, 706 F.3d 1148 (9th Cir.2013), amended, 733 F.3d 794 (2013):

> Therefore, we "look through" the California Supreme Court's decision to the last reasoned decision—that of the California Court of Appeal. James, 679 F.3d at 801. And we "treat[ ] the later [decision] as reaching the merits if the earlier one did." Harris v. Thompson, 698 F.3d 609, 624 (7th Cir.2012), petition for cert. filed, ––– U.S. ––––, 133 S.Ct. 2766, 186 L.Ed.2d 218, 81 U.S.L.W. 3421 (U.S. Jan. 16, 2013) (No. 12–885); see also Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). Accordingly, in conducting our own review under § 2254(d), we must limit ourselves "to the record that was before the state court that adjudicated the claim on the merits" (footnote omitted)—the California Supreme Court. (footnote omitted) Id.

Cannedy, at 1156.

Accordingly, based on Johnson v. Lee, ___ S.Ct. ___, 2016 WL 3041051, this claim is procedurally defaulted.

---

³ Grounds One and Three (previously designated Ground II by petitioner) are not part of this discussion as they claim ineffective assistance of counsel and the Dixon bar does not apply to them.

IT IS HEREBY RECOMMENDED that Claim Two be denied on the additional ground of procedural default.  It is further recommended that no certificate of appealability be issued in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/jaus1036.suppf&rs